AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:20-mj-00236 |
| Maurice Lonnie MONSON | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __september 4, 2020__ in the county of __Multnomah__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 931 | felon in possession of body armor |

This criminal complaint is based on these facts:

as referenced in SA Dennard's affidavit

☐ Continued on the attached sheet.

*By phone*
Complainant's signature

Brendan Dennard, SA, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __12:20__ a.m./p.m

Date: __9/10/2020__

*Stacie F. Beckerman*
Judge's signature

City and state: Portland, Oregon

Stacie F. Beckerman, U.S. Magistrate Judge
Printed name and title

DISTRICT OF OREGON, ss:     AFFIDAVIT OF BRENDAN DENNARD

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Brendan Dennard, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent (SA) with the FBI and have been so employed for nine years. I am currently assigned to a squad that is responsible for investigating violent crime, fugitive apprehensions, and crimes against children. In 2011, I successfully completed 21 weeks of training at the FBI Academy located in Quantico, Virginia. During that time, I was taught the use and practical application of various investigative techniques that Federal law enforcement officers can employ.

2. Prior to my current squad assignment, I was tasked with coordinating the FBI-led Safe Streets Metro Gang Task Force (MGTF) and had done so for five plus years. Prior to that, I was part of the Clackamas County Sheriff's Office Inter-Agency Task Force and had been assigned for approximately a year and a half. As a member of these task forces, as well as my current assignment, I have been empowered under Title 18, United States Code, Sections 3052 and 3053, and Rule 4 of the Federal Rules of Criminal Procedure, to conduct investigations and make arrests for federal criminal offenses, including violations of 18 U.S.C. § 931 (possession of body armor by a felon), 18 U.S.C. § 231(a)(3) (civil disorder – obstruction of law enforcement), 18 U.S.C. § 2101 (riot), and 18 U.S.C. § 371 (conspiracy). During my employment, I have been involved in the investigation and arrest of individuals charged with the aforementioned crimes and have assisted in the execution of search warrants and court orders based on those statutes.

3. I submit this affidavit in support of a criminal complaint and arrest warrant for Maurice Lonnie MONSON for felon in possession of body armor in violation of 18 U.S.C. §

931. As set forth below, there is probable cause to believe, and I do believe, that MONSON was wearing and therefore in possession of body armor after having previously been convicted of a violent felony.

## Applicable Law

4. Title 18 U.S.C. § 931 provides that "it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is (1) a crime of violence..." Title 18 U.S.C. § 921(35) defines "body armor" as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment."

## Statement of Probable Cause

5. The information stated herein is based on my own personal involvement in this investigation, as well as my discussions with other law enforcement officers involved in this investigation, and information I have read that is contained in written reports pertaining to this investigation. This affidavit does not include all facts known to me regarding this investigation but contains only those facts which I believe are sufficient to establish the requisite probable cause.

6. On May 25, 2020, George Floyd died during his arrest by law enforcement officers in Minneapolis, Minnesota, sparking nationwide protests that eventually extended to Portland, Oregon. The protests have, at times, included violence, civil disorder, arson, and looting.

7. In the evening of September 4, 2020, a group of individuals blocked traffic along the 1800 block of North Lombard Street in Portland, Oregon, near the Portland Police

Association (PPA) office. The PPA office has been targeted by rioters and arsonists multiple times in the last few months and the crowd was chanting "burn it down" as they moved into the area. The Portland Police Bureau (PPB) made several announcements to the crowd via loudspeaker to clear the street for vehicle traffic, however the crowd continued to block the roadway.

8. At approximately 11:35 p.m., an unlawful assembly was declared after the crowd failed to disperse and began throwing rocks, water bottles, and full beverage cans at officers standing on the perimeter of the area. PPB again made public address announcements telling those in attendance to leave the area.

9. MONSON was observed walking in the street at the time PPB officers moved in to make arrests for violating the order to disperse. Upon MONSON's arrest, Officer-1 noted MONSON appeared to be wearing body armor. Officer-1 read MONSON his *Miranda* warnings and MONSON affirmed that he understood his rights. MONSON stated he never heard the announcement to leave the area. When asked why he was wearing body armor, MONSON told Officer-1 it was because "after what happened to Michael you can't be too careful." I believe "Michael" was a reference to Michael Reinoehl, a homicide suspect who was recently involved in a shooting with a United States Marshals Service fugitive task force. Officer-1 asked MONSON if he was a felon and MONSON stated he was not.

10. MONSON was transported to the PPB booking location where he spoke with PPB Detective-1. Detective-1 read MONSON his *Miranda* warnings and MONSON again affirmed his understanding of his rights and agreed to speak with Detective-1 and Detective-2. MONSON stated he did not hear the announcement to disperse over the loudspeaker. The detectives noticed the vest MONSON was wearing and Detective-2 checked the vest and determined it was marked

with a logo and an indication that it was "BulletSafe," leading the detectives to believe it was for ballistic protection. Detective-2 asked MONSON if he was a convicted felon and MONSON then admitted he was in fact a felon.

11.     Photographs of the vest MONSON was wearing, and a label showing it was manufactured in China, and distributed by the Michigan company "BulletSafe," appear below:



Page 4 – Affidavit of Brendan Dennard



Based on my training and experience, this vest constitutes "body armor" under federal law, as it is designed as a personal protective body covering intended to protect against gunfire.

12. I have reviewed documents from the Circuit Court for the State of Oregon for Multnomah County concerning *State of Oregon vs. Maurice Monson*, Case. No. 081235291. On December 12, 2008, defendant Maurice MONSON was named in a multiple count indictment charging him with: Robbery in the First Degree with a Firearm; Criminal Impersonation (Felony); Kidnapping in the Second Degree with a Firearm; Sexual Abuse with a Firearm in the First Degree with a Firearm; Unlawful Use of a Weapon with a Firearm; and other offenses. Some of these charges were Ballot Measure 11 felony offenses under Oregon law, requiring

Page 5 – Affidavit of Brendan Dennard

mandatory minimum prison sentences upon conviction. MONSON was represented by an attorney and later agreed to plead guilty to some of the charges.

13. On May 11, 2009, defendant MONSON appeared before a circuit judge and pleaded guilty to: Count One (Robbery in the First Degree with a Firearm); Count Three (Robbery in the First Degree with a Firearm); and Count 11 (Criminal Impersonation of a Police Officer). In his petition to plead guilty, which he appears to have personally signed, defendant MONSON agreed that:

> On November 30, 2008, I knowingly used a firearm to overcome [victim's] resistance to me and my co-defendants taking money. On the same date, I knowingly used a firearm to overcome [second victim's] resistance to me and my co-defendants taking money. On that same date, I assumed the character of a police officer, "Officer Bradshaw," with the intent to facilitate the robberies.

14. On July 16, 2009, defendant MONSON was sentenced to serve 90 months in prison on Count One, 90 months in prison on Count Three (40 months of which was ordered to be served consecutive to Count One); and 6 months in prison on Count 11 (concurrent with the sentences in Counts One and Three). The remaining charges were dismissed. Defendant MONSON served his prison sentence at the Eastern Oregon Correctional Institution, was released in October 2019, and is currently on state parole in Multnomah County.

## Conclusion

15. Based on the foregoing, I have probable cause to believe, and I do believe, that MONSON, a convicted felon, unlawfully possessed body armor in violation of 18 U.S.C. § 931. I therefore request that the Court issue a criminal complaint and arrest warrant for MONSON.

16. Prior to being submitted to the Court, this affidavit was reviewed by Assistant United States Attorney (AUSA) Christopher Cardani. AUSA Cardani advised me that, in his

opinion, the affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

### Request for Sealing

17. I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, or otherwise seriously jeopardize an investigation.

_____By phone_____
Brendan Dennard
Special Agent, Federal Bureau of Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __12:20pm__ on September __10__, 2020.

_____Stacie J Beckerman_____
HONORABLE STACIE F. BECKERMAN
United States Magistrate Judge